The Honorable Luther "Lu" Hardin State Senator 309 South Vancouver Russellville, Arkansas 72801
Dear Senator Hardin:
This is in response to your request for an opinion on whether it is a violation of Arkansas Constitution, Art. 5, § 10, for a city attorney of a second class city who was appointed city attorney several years prior to taking office as a state senator to continue to serve as city attorney following election to the legislature. You have attached a copy of Williams v. Douglas,251 Ark. 555, 473 S.W.2d 896 (1971), to your request.
It is my opinion that the answer to your specific question is "no." It is not a violation of Art. 5, § 10 for a city attorney to continue to serve as a city attorney after being elected to the legislature.
Arkansas Constitution, Art. 5, § 10 provides that:
 No Senator or Representative shall, during the term for which he shall have been elected, be appointed or elected to any civil office under this state. [Emphasis added.]
It was made clear in Williams v. Douglas, id., that this prohibition is upon a member of the general assembly after he isseated. Id. at 558. Because under the facts you describe, the legislator was a city attorney prior to taking office as a senator, the prohibition above does not apply.
Because your request dealt specifically with Art. 5, § 10, this opinion does not address in detail the applicability of any other constitutional provision. We should note, however, that Article 5, § 7 of the constitution, and possibly Article 4, § 2, may prohibit concurrent service as city attorney and state senator. An abbreviated review suggests that such dual service might be subject to constitutional challenge.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb